Maurice H. Hartigan and Joseph E. Dwyer, Individually and as Copartners doing Business under the Firm Name and Style of Hartigan & Dwyer, Plaintiffs, *v.* Casualty Company of America, Defendant.

(Supreme Court, Rensselaer Trial Term, November, 1916.)

Insurance (casualty) — policy of — automobiles — actions.

Where a casualty company by letter assumes the defense of an accident action against the owners of an automobile which it had insured, under a reservation of policy rights and without assuming any liability for any judgment that might be recovered in the action, the reservation of rights means only that the company will assume the defense of the action from such liability, if any, as it must assume under the policy.

Where a policy of insurance against casualty loss resulting from the operation of an automobile was issued to the members of a copartnership, it covers any loss not only which might come to the partnership funds, but also any loss which might come to either member as individuals through the operation of the automobile by another partnership composed of themselves and another to which the automobile had been loaned.

The casualty company having assumed the defense of the action, which was settled on the recommendation of its attorney, was liable under the policy issued by it.

Action upon a policy of casualty insurance on an automobile tried by the court without a jury.

William E. Woollard, for plaintiffs.

Thomas H. Guy, for defendant.

Rudd, J. The defendant issued an automobile liability policy to the plaintiffs. It covered a Ford delivery car used principally at Troy and vicinity in connection with the transaction by the plaintiffs of

their business in operating a department store on Congress street, Troy.

The plaintiffs were and still are partners doing business in Troy under the name of Hartigan & Dwyer. During the life of the policy, without compensation, the plaintiffs loaned the insured Ford delivery car to a firm doing business in Albany, known as Hartigan, Dwyer & O'Brien, in which firm the plaintiffs had a two-thirds interest. The partner O'Brien managed the Albany business under the name of the Boston Store.

The insured automobile, while in use for the delivery of goods from the store of Hartigan, Dwyer & O'Brien in Albany, met with an accident on the streets of Albany, resulting eventually in the death of a boy. The car was at the time operated by an employee of Hartigan, Dwyer & O'Brien, who was paid by that firm and employed solely as a delivery agent of the Albany firm.

The Albany firm of Hartigan, Dwyer & O'Brien was sued by the legal representatives of the boy who was killed. The attorney representing the defendant herein, Casualty Company of America, appeared for the defendants, who were sued because of the death of the boy, that is, he appeared for the members of the firm of Hartigan, Dwyer & O'Brien, which appearance was under an arrangement evidently as covered by a letter written by Mr. Guy to each one of the members of the Albany firm, in which letter the writer, referring to instructions which he had received from the Casualty Company of America, said: "They have instructed me to advise you that the Company will assume the defense of this case under a reservation of policy rights and without assuming any liability for any judgment that may be recovered."

It must be that that reservation of rights meant only

30

that the Casualty Company would assume the defense of the action against the Albany firm, such liability, if any, which it must assume under the policy.

The attorney for the Casualty Company interposed an answer in the action brought against the members of the Albany firm. He consulted with the two members of the firm who are here plaintiffs. Negotiations were had and a settlement under the advice of the attorney representing the Casualty Company was effected, whereby the members of the Albany firm paid, in settlement of the action brought for the death of the boy, $1,450.

This action is brought to recover $966.66, which is two-thirds in amount of the sum of $1,450, paid in settlement of the action brought for the death of the boy.

The plaintiffs contend that that two-thirds represents the sum of money which these plaintiffs have lost by reason of the accident, against which casualty, so far as they are concerned, this defendant under its policy is liable.

The policy covered the automobile owned by the plaintiffs, and unless it can be determined that the plaintiffs in some way violated on their part the provisions of the contract of insurance, the defendant is liable.

There is no ambiguity of language in the terms of the insurance contract. It calls for no analysis of the phraseology of the contract to ascertain what it is. It clearly insures the persons named in the insurance contract as against casualty resulting from the operation of the machine, unless in such operation the plaintiffs have in some way violated the terms of the insurance contract.

The defense is in effect that the plaintiffs as copartners doing business in the city of Troy were insured, that the defendants did not undertake to insure any

other firm, however it may have been made up, doing business in any other place than in the city of Troy.

The policy is not issued to the plaintiffs as copartners. They were copartners, and the company insured the copartnership as against casualty loss which might come to the copartnership funds, but it also insured the individual members of that copartnership as against any loss which might come to each or either of them as individuals.

In the loaning of the car it does not appear that the terms of the insurance contract were violated. The car was being operated by the agent of the Albany firm, and he was as such also the agent of these plaintiffs individually as members of that firm. If that firm through the act of negligence on the part of its agent was liable for a tort so each member of the Albany firm was liable to respond in damages for the tort of that same agent, and two of the members of that firm were the plaintiffs who were insured under this policy as against casualty loss resulting from the operation of that car.

The legal representatives of the boy who lost his life were justified in suing the members of the Albany firm, and it must be remembered that two of those thus sued were the plaintiffs here, and when the Casualty Company undertook the defense of that action it must have been only with a reservation which meant that the Casualty Company did not assume such defense regardless of whether it was liable under the policy or not. It did assume the defense, its attorney, who is the attorney here for the defendant, recommended and advised the settlement. It must be assumed that the settlement was fair and just, and for the best interests of the defendants in the action as well as for the best interests of the Casualty Company, which was to say the least somewhat involved.

When the defendant's attorney recommended that settlement he recommended in effect that the plaintiffs here pay as members of that firm their proportionate share as copartners of the amount upon which the settlement was effected.

The defendant also here contends that the Casualty Company is not liable because under the policy it is only liable when legally called upon to pay a judgment rendered.

That cannot be; that should not be.

The promise in form is to indemnify against loss by certain kinds of liability.

" The judgment contemplated in the condition is a judgment in a suit defended by the defendant in case it elects not to settle. The substance of the promise is to pay a loss which the plaintiff shall have been compelled to pay, after such precautions and such safeguards as the defendant may insist upon." *St. Louis Beef Co.* v. *Maryland Casualty Co.*, 201 U. S. 173.

That is equitable. A careful study of the questions involved in this interesting case, in which the first impression is one of grave doubt as to the liability of the defendant in this action, leads irresistibly to the conclusion that the plaintiffs are protected by the contract of insurance issued to them as against the loss actually sustained by them, and this without any reflection in the slightest upon the Casualty Company or its attorney for the part which it has taken either in the action against the members of the Albany firm or in the defense here, in which it certainly had a right and it was its duty to submit the questions to the court. Decision and judgment may be entered accordingly.

Judgment accordingly.